[Cite as *State v. Porterfield*, 2021-Ohio-2235.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## TRUMBULL COUNTY

| | |
|---|---|
| STATE OF OHIO, | **CASE NO. 2021-T-0025** |
| Plaintiff-Appellee, | |
| - v - | Criminal Appeal from the Court of Common Pleas |
| ERIC PORTERFIELD, | Trial Court No. 2000 CR 00402 |
| Defendant-Appellant. | |

**M E M O R A N D U M**
**O P I N I O N**

Decided: June 30, 2021
Judgment: Appeal dismissed

*Dennis Watkins*, Trumbull County Prosecutor, and *Ashleigh Musick*, Assistant Prosecutor, Administration Building, Fourth Floor, 160 High Street, N.W., Warren, OH 44481 (For Plaintiff-Appellee).

*Eric Porterfield*, PID# A420-502, Mansfield Correctional Institution, 1150 North Main Street, P.O. Box 788, Mansfield, OH 44901 (Defendant-Appellant).

MARY JANE TRAPP, P.J.

{¶1} Appellant, Eric Porterfield, pro se, filed a notice of appeal on June 4, 2021 from the trial court's May 4, 2021 "Judgment Entry Nunc Pro Tunc," which amended the court's October 26, 2001 sentencing entry by adding the provision for post release control.

{¶2} We first note that appellant's notice of appeal contained an earlier appellate case number, 2010-T-0005, which was affirmed by this court in 2010, and the case closed. Any new appeal necessarily must be assigned a new appellate case number;

therefore, appellant's appeal of the trial court's May 4, 2021 entry must be assigned a new appellate case number. We have done so and that number is 2021-T-0025. Consequently, the clerk of courts must remove the June 4, 2021 notice of appeal filing docket entry notation from appellate number 2010-T-0005.

{¶3} We also note that the clerk's office made two notations on the trial court docket, one on 06/04/2021 and one incorrectly on 06/07/2021, reflecting the filing of appellant's latest notice of appeal. However, the June 7, 2021 filing and notation was an error by the clerk of courts because there can be only one date for a notice of appeal. Any clerical changes in case numbering will not affect the filing date. Thus, for purposes of calculating time and jurisdiction of this court, we recognize that the true filing date of appellant's notice of appeal is June 4, 2021. Regardless, the notice was due no later than June 3, 2021. Thus, the appeal is untimely filed by one day.

{¶4} On June 24, 2021, appellee, the state of Ohio, filed a motion to dismiss the appeal stating that appellant has been declared a vexatious litigator pursuant to R.C. 2323.52 and has not sought leave to appeal as required by R.C. 2323.52(F)(2).

{¶5} Regarding new appellate proceedings, the statute provides, in relevant part: "[a] person who is subject to an order entered pursuant to (D)(1) of this section may not institute legal proceedings in a court of appeals * * * without first obtaining leave of the court of appeals to proceed pursuant to division (F)(2) of this section." R.C. 2323.52(D)(3).

{¶6} Further, R.C. 2323.52(I) provides in relevant part: "[w]henever it appears by suggestion of the parties or otherwise that a person found to be a vexatious litigator under this section has instituted, continued, or made an application in legal proceedings

2

without obtaining leave to proceed * * * the court in which the legal proceedings are pending shall dismiss the proceedings or application of the vexatious litigator."

{¶7}    Because appellant has not satisfied the mandated statutory requirements for initiating a new appellate proceeding as a vexatious litigator by obtaining leave, dismissal is warranted on that basis alone.

{¶8}    Appellee's motion to dismiss is granted, and the appeal is dismissed.


CYNTHIA WESTCOTT RICE, J.,

THOMAS R. WRIGHT, J.,

concur.

3